**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Everett Ray DARNELL, Defendant-Appellant.**

No. 82–1220.

United States Court of Appeals, Seventh Circuit.

Submitted July 15, 1983.[*]

Decided Sept. 9, 1983.

Rehearing and Rehearing En Banc Denied Nov. 2, 1983.

Everett Ray Darnell, pro se.

Charles Goodloe, Jr., U.S. Atty., Sarah Evans Barker, Asst. U.S. Atty., Indianapolis, Ind., for plaintiff-appellee.

Before CUMMINGS, Chief Judge, PELL and BAUER, Circuit Judges.

PER CURIAM.

On June 13, 1961, defendant-appellant Darnell pleaded guilty in the United States District Court for the Southern District of Indiana to the charge of interstate transportation of a stolen motor vehicle. He was sentenced to two years' imprisonment. Darnell did not appeal his conviction, and served the two-year sentence. Twenty years later on July 10, 1981, Darnell, utilizing a § 2255 form, sought to vacate the judgment of conviction and withdraw the plea of guilty. On September 1, 1981, the district court granted the government's motion to dismiss. Darnell has appealed.

The allegations of Darnell's motion tell a repugnant tale of violations of his constitu-

---

[*] After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Rule 34(a), Fed.R.App.P.; Circuit Rule 14(f). No such statement having been filed, the appeal has been submitted on the briefs and record.

tional and statutory rights in the form in which they exist today. Seventeen-year-old Darnell was convicted as an adult following a coerced false confession, an involuntary guilty plea, and ineffective assistance of counsel. We need not decide, however, whether Darnell's conviction can pass constitutional muster under the law as it existed in 1961. Based upon the following ratiocination, we conclude that the district court did not abuse its discretion in dismissing this action.

## II.

■ Darnell's motion to vacate the 1961 judgment of conviction and to withdraw the plea of guilty clearly is not cognizable under 28 U.S.C. § 2255. Although a § 2255 motion may be brought "at any time," that section imposes the requirement that the movant be "in custody." The sentence, based upon the conviction and underlying plea of guilty that Darnell seeks to challenge, has expired. He is no longer "in custody" for the purpose of pursuing a § 2255 challenge. *United States v. Correa-De Jesus,* 708 F.2d 1283 (1983 7th Cir.).

At this late date, two potential avenues of postconviction relief remain: a motion to withdraw the plea of guilty pursuant to Fed.R.Crim.P. 32(d); and a petition for a writ of error *coram nobis* pursuant to 28 U.S.C. § 1651(a). The district court construed Darnell's motion as one pursuant to Rule 32(d), and concluded that the "manifest injustice" standard, applied when the motion is made after sentencing, had not been met. We do not reach the merits of Darnell's claims because we conclude that Darnell has not exercised reasonable diligence in ascertaining and presenting the asserted grounds for relief.

■ The strict ten-day time limitation on a Rule 32(d) motion for leave to withdraw a plea of guilty has been removed, and like a § 2255 motion, it now may be brought at any time.[1] The literal language of both, however, does not preclude the application of all time bars to the bringing of the motions. There is no apparent reason why the same equitable considerations that prompted revision of the Rules Governing § 2254 and § 2255 Cases to incorporate the doctrine of "laches" should not apply with equal force to Rule 32(d) motions.[2] The practical reasons for requiring that a movant show reasonable diligence in ascertaining and presenting his claims for relief are obvious. The government's ability to meet successfully the allegations of the motion or to present a case against the defendant if he is granted a new trial may be greatly diminished by the passage of time.[3] If, however, the delay is found to be excusable or nonprejudicial to the government, the time bar is inoperative. We find that the interests of both the movant and the government can best be served if claims are raised while the evidence is fresh. We hold, therefore, that a flexible, equitable time limitation based on the doctrine of laches is applicable to Rule 32(d) motions.

■ It also is applicable to petitions for *coram nobis* relief. In *United States v. Morgan,* 346 U.S. 502, 511–12, 74 S.Ct. 247, 252–53, 98 L.Ed. 248 (1954), the Supreme Court, in stressing society's substantial interest in the finality of judgments, stated

1. *See, e.g., United States v. Washington,* 341 F.2d 277 (3d Cir.1965), in which the court entertained a Rule 32(d) motion brought after the sentence imposed upon the challenged judgment of conviction had expired.

2. Both Rule 32(d) motions and § 2255 motions have been characterized as further steps in criminal proceedings rather than as separate civil actions. Rule 9 of the Rules Governing § 2255 Cases provides:

(a) Delayed motions. A motion for relief made pursuant to these rules may be dismissed if it appears that the government has been prejudiced in its ability to respond to the motion by delay in its filing unless the movant shows that it is based on grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the government occurred.

3. For a much criticized but later vindicated decision applying the doctrine of laches to a motion to vacate *see United States v. Moore,* 166 F.2d 102 (7th Cir.), *cert. denied,* 334 U.S. 849, 68 S.Ct. 1500, 92 L.Ed. 1772 (1948).

that *coram nobis* relief is justified "only under circumstances compelling such action to achieve justice"[4] and only where "sound reasons" exist for the failure to seek appropriate earlier relief. We turn to an examination whether Darnell's claims are barred by laches.[5]

This case is a textbook example of the problems arising from an inordinate delay in seeking relief. The cognizable claims that Darnell raises—ineffective assistance of counsel and involuntary guilty plea—are troublesome even where a complete record of the proceedings exists. In this case, the court reporter's notes have been lost or destroyed, thus eliminating any exact record of what transpired. Clearly, Darnell's delay has prejudiced the government in its ability to establish the voluntariness of the 1961 plea of guilty. Nor has Darnell attempted to demonstrate that the twenty-year delay was excusable; he has not suggested that he did not become aware of the grounds for potential relief until 1981. In any event, a twenty-year delay is strong evidence of a lack of reasonable diligence in ascertaining potential grounds for relief. Accordingly, we hold that the doctrine of laches bars Darnell from now seeking relief under either Rule 32(d) or 28 U.S.C. § 1651(a). The district court's judgment dismissing Darnell's motion is affirmed.

4. The ancient remedy of *coram nobis* survives only to the extent that it has not been replaced by other statutory remedies. It is available to a federal prisoner only when his statutory remedies are unavailable or inadequate.

5. Darnell did not appeal his conviction, and *coram nobis* clearly is not a substitute for appeal. Although this court has held that a petitioner's failure to appeal on grounds later asserted in a § 2255 motion is a bar to consideration of those claims on the merits under § 2255 unless the petitioner can establish "cause and prejudice," *Norris v. United States,* 687 F.2d 899 (7th Cir.1982), we decline to extend the cause and prejudice test to *coram nobis* actions. *Cf. United States v. Correa-De Jesus, supra.* A *coram nobis* petitioner already is confronted with judicially-created standards that severely circumscribe the availability of the writ. The principle that *coram nobis* is not a substitute for appeal limits the issues that may be raised to those "of the most fundamental character." *United States v. Morgan,* 346 U.S. at 511, 74 S.Ct. at 252. This limited scope ensures that *coram nobis* will not be utilized as a substitute for appeal. It is presumed that the challenged proceedings were correct and a heavy burden rests on the petitioner to demonstrate otherwise. In addition, a standard akin to the "actual prejudice" standard is applied: the *coram nobis* petitioner must demonstrate that but for the fundamental errors committed a more favorable judgment would have been rendered. *United States v. Dellinger,* 657 F.2d 140, 144 n. 6 (7th Cir.1981). The petitioner also must demonstrate present adverse legal consequences flowing from the conviction sufficient to satisfy the "case or controversy" requirement of Article III. *Id.* Finally, in *Morgan,* the Supreme Court stated that there must be "sound reasons" for the petitioner's "failure to seek appropriate earlier relief." *United States v. Morgan,* 346 U.S. at 512, 74 S.Ct. at 253. Presumably, this standard may require a showing of sound reasons for failure to seek relief on appeal. The doctrine of laches adequately protects against "sandbagging" and ensures that *coram nobis* relief will not be granted where a petitioner's inexcusable delay in raising his claim has prejudiced the government. *See Norris v. United States,* 687 F.2d at 910 (Cudahy, J., concurring). These safeguards against abuse of the writ serve essentially the same function as the cause and prejudice standard. Nor do we believe that in declining to adopt a strict cause and prejudice test we will be creating an incentive for federal prisoners to deliberately wait until their sentences have expired to attack their convictions. The enumerated hurdles to successful pursuit of the *coram nobis* remedy reveal the weaknesses inherent in such an argument. Finally, this court can attest that most federal prisoners do not desire to serve their entire sentences before commencing judicial attacks upon the underlying convictions. For those who do, the doctrine of laches is adequate protection for the government.