**UNITED STATES of America, Plaintiff,**

**v.**

**Thomas Robert STIMAC, Defendant.**

**No. 85 C 8496.**

United States District Court,
N.D. Illinois, E.D.

May 3, 1988.

titled to judgment on his qualified immunity

William R. Coulson, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

Thomas Robert Stimac, pro se.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

On November 5, 1982, Thomas R. Stimac was convicted of conspiracy to kidnap, kid- defense after trial.

napping, conspiracy to violate the Mann Act and the unlawful use of firearms.[1] Stimac appealed his conviction on a number of grounds but raised no claim challenging his sentencing. The Seventh Circuit affirmed Stimac's conviction. *United States v. Hattaway*, 740 F.2d 1419 (7th Cir.), *cert. denied*, 469 U.S. 1089, 105 S.Ct. 599, 83 L.Ed.2d 708 (1984). Stimac then filed a Rule 35(a) motion based on the theory that his sentence was illegal due to ineffective assistance of counsel. Stimac contended that at the sentencing hearing his attorney failed to call witnesses who would counter the allegedly false information contained in the presentence report. This motion was denied, and Stimac did not appeal. On October 4, 1985, Stimac filed a motion pursuant to 28 U.S.C. § 2255 charging a *Brady*[2] violation. He claimed that at trial he was unaware that a key government witness had signed a contingency contract agreeing to provide the Bureau of Alcohol, Tobacco and Firearms with information regarding the case. Stimac also claimed that he was unaware that the same witness had received money under the Federal Witness Protection Plan. Without holding a hearing, we denied relief and Stimac appealed. The Seventh Circuit dismissed the § 2255 motion as "frivolous." *Stimac v. United States*, No. 86–1940 (7th Cir.1987).

On February 13, 1987, Stimac filed a second § 2255 petition alleging procedural deficiencies at sentencing, not raised in the first § 2255 petition. We dismissed the petition, and Stimac failed to raise the claim on direct appeal. Stimac filed a motion for reconsideration under Fed.R.Civ.P. 60(b) and a second Rule 35(a) motion.[3] We denied both motions and Stimac appealed. Shortly before the Seventh Circuit affirmed the dismissal of both the Rule 35(a) motion and the second § 2255 motion, Stimac filed a third § 2255 petition alleging the same *Brady* claim as in the prior petitions. We dismissed this third petition since it

"raise[d] no substantial or colorable issues not addressed at trial or on previous post-conviction proceedings." Minute Order January 26, 1988.

### Motion to Proceed on Appeal In Forma Pauperis

■ In response to the denial of his third § 2255 petition, Stimac moves to appeal *in forma pauperis* and for appointment of counsel. Pursuant to Rule 24(a) of the Federal Rules of Appellate Procedure, in order for a motion *in forma pauperis* to be granted, the movant must establish that he is indigent and identify the issue he seeks to raise. The motion is then reviewed by the Court which has discretion to "dismiss the case if … the action is frivolous or malicious." 28 U.S.C. § 1915(d). *See Peterson v. Nadler*, 452 F.2d 754, 756 n. 1 (8th Cir.1971) (the district court may deny the certificate for appeal if it feels the motion is frivolous or brought in bad faith); *Evans v. United States*, 408 F.2d 369 (7th Cir.1969) ("[A]ppointment of counsel for indigents in habeas corpus and Section 2255 proceedings rests in the sound discretion of the district courts unless denial would result in fundamental unfairness impinging on due process rights.") (citing *LaClair v. United States*, 374 F.2d 486, 489 (7th Cir. 1967)).

In the present case, the issue raised in the third § 2255 petition has already been addressed by this Court in previous petitions. Furthermore, the Seventh Circuit has already addressed the *Brady* claim and determined that Stimac's failure to raise the claim on direct appeal barred the claim in a § 2255 petition. For these reasons, the motion to proceed *in forma pauperis* is frivolous and is accordingly denied.

### Coram Nobis

Recently, Stimac again petitioned this Court to set aside the judgment and vacate his conviction. Instead of bringing a

---

**1.** After a presentence investigation report was filed and a presentence hearing held, Stimac was sentenced to fifteen years imprisonment with a consecutive probation term of five years.

**2.** *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

**3.** Stimac's second Rule 35(a) motion charged that his sentence was illegal because the Court included in the oral declaration of sentence a count which the Court had previously dismissed.

fourth motion under 28 U.S.C. § 2255, Stimac filed a Writ of Error Coram Nobis. Unlike a § 2255 petition, coram nobis is not expressly authorized by a statute enacted by Congress. *United States v. Morgan,* 346 U.S. 502, 507, 74 S.Ct. 247, 250, 98 L.Ed. 248 (1954). The court's power to grant such relief emanates from 28 U.S.C. § 1651(a) which states, "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." *See Morgan,* 346 U.S. at 506, 74 S.Ct. at 250. Although Rule 60(b) of the Federal Rules of Civil Proedure abolished coram nobis in federal civil actions, it is still available in the context of criminal proceedings. *United States v. Dellinger,* 657 F.2d 140, 144 n. 7 (7th Cir. 1981).

■ Coram nobis was available at common law to correct errors of fact. Today the scope of coram nobis is broad enough to encompass errors "of the most fundamental character," *Morgan,* 346 U.S. at 507, 74 S.Ct. at 250, including not only errors of fact but also legal errors of constitutional proportion. Wright, Federal Practice and Procedure, 429 (2d ed. 1982). However, coram nobis is available only to the extent that it has not been replaced by other adequate statutory remedies. *United States v. Darnell,* 716 F.2d 479, 481 n. 4 (7th Cir.1983) *cert. denied,* 465 U.S. 1083, 1045 S.Ct. 1454, 79 L.Ed.2d 771, *reh'g denied,* 466 U.S. 946, 104 S.Ct. 1935, 80 L.Ed.2d 479 (1984). While coram nobis offers a unique possibility of relief since it is available to the defendant after he is released from custody, *United States v. Scherer,* 673 F.2d 176, 178 (7th Cir.), *cert. denied,* 457 U.S. 1120, 102 S.Ct. 2935, 73 L.Ed.2d 1334 (1982); *Dellinger,* 657 F.2d at 144, a petitioner cannot seek relief under coram nobis if § 2255 provides an avenue for relief. On the other hand, coram nobis, like a § 2255 petition, is no substitute for appeal.

■ Although the Seventh Circuit has held that failure to appeal on grounds later asserted in a § 2255 motion is a bar to consideration of those claims on the merits unless "cause and prejudice" can be established, *Norris v. United States,* 687 F.2d 899 (7th Cir.1982), it has declined to extend the cause and prejudice test to coram nobis actions. *Darnell,* 716 F.2d at 481 n. 5; *cf. United States v. Correa–De Jesus,* 708 F.2d 1283, 1285 (7th Cir.), *cert. denied,* 464 U.S. 1010, 104 S.Ct. 530, 78 L.Ed.2d 712 (1983) (under coram nobis a movant who previously fails to appeal his conviction should at least be required to make the same cause and prejudice showing as required for a Section 2255 motion). The Seventh Circuit pointed out that the coram nobis petitioner is already confronted with judicially created standards that severely limit the availability of the writ. *Darnell,* 716 F.2d at 481 n. 5. First, under coram nobis it is presumed that the proceedings were correct, and the burden rests on the accused to show otherwise. *Morgan,* 346 U.S. at 512, 74 S.Ct. at 253. Second, the petitioner must demonstrate that "but for the fundamental errors committed a more favorable judgment would have been rendered." *Darnell,* 716 F.2d at 481 n. 5. Third, the petitioner must show outstanding adverse legal consequences that satisfy the "case or controversy" requirement of Article III. *Dellinger,* 657 F.2d at 144 n. 6. Finally, coram nobis relief is justified "only under circumstances compelling such action to achieve justice" and only where "sound reasons" exist for failing to seek appropriate relief earlier. *Morgan,* 346 U.S. at 511–12, 74 S.Ct. at 252–53. These requirements safeguard against abuse of the writ and are analogous to the Section 2255 cause and prejudice standard.

■ In the present case, relief under coram nobis is unavailable. Petitioner Stimac is presently in federal custody and can, as he has in several instances, bring his motion under § 2255 without resorting to the extraordinary writ of coram nobis. Furthermore, even if he could move under coram nobis, the writ presently before the Court raises the same *Brady* claim that this Court determined petitioner Stimac procedurally defaulted on in his previous § 2255 motions. Under the standards out-

lined above, petitioner Stimac has similarly defaulted on that claim for the purposes of coram nobis. Accordingly, the petition is denied.

### Conclusion

The motion to proceed on appeal *in forma pauperis* and the writ of error coram nobis are denied. It is so ordered.[4]

---

**4.** On March 14, 1988, petitioner Stimac filed a motion for the suppression and return of property. We withhold ruling on the motion until the government has had an opportunity to respond. The government is given ten days in which to respond to Stimac's motion for return of property.