929 F.2d 703
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Thomas R. STIMAC, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 88-2720.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 26, 1991.
Decided April 3, 1991.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division, No. 88 C 2575, Marvin E. Aspen, Judge.
 N.D.Ill., 840 F.2d 20, 887 F.2d 1094 and 684 F.Supp. 545.
 AFFIRMED.
 Before BAUER, Chief Judge, CUMMINGS, Circuit Judge and PELL, Senior Circuit Judge.
 
 ORDER
 
 1
 Thomas Stimac, a frequent filer in the federal courts, is back. During his last visit, we enjoined him from filing future repetitious and frivolous actions. Stimac v. United States Department of Justice, No. 88-2655, unpublished order (7th Cir. Nov. 2, 1990). This case, filed before the injunction went into effect, is another of his many attempts to undermine his conviction on kidnapping and other charges. See United States v. Hattaway, 740 F.2d 1419 (7th Cir.1984).
 
 
 2
 Six years after his conviction, Stimac filed his fourth motion under 28 U.S.C. Sec. 2255, claiming--for the fourth time--that he was denied due process because he did not have time to read the entire presentence investigation report prior to sentencing and that he was denied due process because of false background information contained in the report. Judge Aspen denied this petition as he had all the others.
 
 
 3
 On appeal, Stimac claims that due process was somehow violated because his most recent section 2255 petition was not listed on the district court docket sheet and therefore could not have been ruled on by Judge Aspen--Judge Aspen's order dismissing the case to the contrary. The government informs us that the petition was not listed, apparently due to clerical oversight, that Judge Aspen did in fact rule on the case and that the record on appeal has been supplemented to include the petition. Due process was not violated.
 
 
 4
 Regarding the sentencing issues, Judge Aspen has denied these claims several times over as has this court. Stimac v. United States, Nos. 87-1723 and 87-1811 (7th Cir. Jan. 8, 1988). These decisions are the law of the case and cannot be reviewed again unless there is some good reason for reexamining them such as an intervening change in law or new evidence. United States v. Taglia, 922 F.2d 413, 418 (7th Cir.1991); see United States v. Mazak, 789 F.2d 580, 581 (7th Cir.1986). Stimac has not shown any reason for reexamination.
 
 
 5
 This is the last time that Stimac will have the benefit of our opinion on this matter. The injunction will henceforth be scrupulously enforced and sanctions may be imposed if the same issues are raised again. The decision of the district court is
 
 
 6
 AFFIRMED.