**UNITED STATES**

v.

**Frank WEISS, Defendant–Appellant.**

**No. 92–M–714 (TJM).**

United States District Court,
N.D. New York.

Oct. 31, 1995.

O'Connell and Aronowitz, Albany, New York (Gloria Herron Arthur, of counsel), for appellant.

Thomas J. Maroney, U.S. Attorney for the N.D.N.Y., Albany, New York (George A. Yanthis, Asst. U.S. Attorney, of counsel), for appellee.

### MEMORANDUM DECISION AND ORDER

McAVOY, Chief Judge.

## I. INTRODUCTION

Appellant Frank Weiss ("Appellant") appeals from a magistrate's order denying his Motion to Vacate Conviction. For the reasons set forth below, this Court agrees with the magistrate judge and affirms his order.

## II. FACTS

In December, 1992, Appellant, a Canadian citizen with professed substantial property interests in the United States, unsuccessfully attempted to bring an unauthorized alien across the border, in violation of 8 U.S.C. § 1324(a)(2). After his arrest, Appellant appeared *pro se* before a magistrate on December 15, 1992 and entered a plea of guilty. The magistrate judge imposed a sentence of two days imprisonment (already served on December 14 and 15, 1992), a fine of $225.00, and a special assessment of $25.00. As a result of the conviction, Appellant has been and will be forever barred from re-entering the United States. The records from this plea proceeding were subsequently lost during a relocation of the Clerk's Office.

On May 10, 1994, Appellant moved to vacate his conviction, arguing that he had entered his guilty plea unknowingly and involuntarily because he had not been informed of the collateral civil consequences that attached to his conviction. In an order dated November 23, 1994, the magistrate judge treated the motion as one made pursuant to 28 U.S.C. § 2255. The magistrate judge denied relief, reasoning that Appellant had not demonstrated cause and prejudice that would excuse Appellant's failure to previously raise the issues on direct appeal. Appellant now seeks review of the magistrate judge's decision, arguing first, that cause and prejudice had been established, and second, that the magistrate judge should have held a fact-

finding hearing to reconstruct the record lost by the Clerk's Office.

## III.  ANALYSIS

### A.  Standard of Review

■ In reviewing Appellant's claims, this Court shall not merely defer to the judgment of the magistrate judge, but will instead reach its own independent conclusions. This Court shall review Appellant's 28 U.S.C. § 2255 motion de novo. *Lebowitz v. United States*, 877 F.2d 207, 210 (2d Cir.1989).

### B.  Absence of Record

■ Appellant claims that because the record of his 1992 plea proceedings were lost by the Clerk's Office, the magistrate judge should have conducted a fact-finding hearing to determine whether the plea was entered knowingly and voluntarily. In essence, Appellant contends that the parties, in a court-supervised proceeding, should be permitted to reconstruct the missing record. This Court declines to provide Appellant such an opportunity.

Court reporter's notes were similarly "lost ..., thus eliminating any exact record of what transpired," in *United States v. Darnell*, 716 F.2d 479 (7th Cir.1983), *cert. denied*, 465 U.S. 1083, 104 S.Ct. 1454, 79 L.Ed.2d 771 *reh'g denied*, 466 U.S. 946, 104 S.Ct. 1935, 80 L.Ed.2d 479 (1984). Recognizing that "the government's ability to meet successfully the allegations of the motion ... may be greatly diminished by the passage of time," the Seventh Circuit reasoned that any attempt to proceed without the record would "prejudice[ ] the government in its ability to establish the voluntariness of [movant's] plea of guilty." *Id.* at 480–81. Although the time interval separating the sentencing hearing from the motion to vacate in *Darnell* is much longer than that in Appellant's case, this Court finds the court of appeals' argument compelling as applied to the case-at-bar. Moreover, the Record on Appeal submitted by Appellant provides sufficient documentation of the events preceding and contemporaneous to the plea proceedings of December

15, 1992 from which this Court may reach a proper determination. For these reasons, this Court rejects Appellant's claim that a fact-finding hearing is necessary to reach a proper determination of the issues in dispute.

### C.  Relief Under 28 U.S.C. § 2255

#### 1.  The "in custody" requirement

The relevant statutory section reads, in part:

> A prisoner *in custody* under a sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255 (1994) (emphasis added).

■ The "in custody" requirement encompasses situations where the state has imposed restrictions that "significantly restrain [a] petitioner's liberty to do those things which in this country free men are entitled to do." *Jones v. Cunningham*, 371 U.S. 236, 243, 83 S.Ct. 373, 377, 9 L.Ed.2d 285 (1963). Without doubt, individuals presently incarcerated by the state are "in custody." Persons on parole at the time they file their § 2255 petitions also satisfy the requirement. *See Wright v. United States*, 732 F.2d 1048, 1050 n. 1 (2d Cir.1984) (holding that district court correctly overruled government's contention that parolee did not fall within "in custody" requirement), *cert. denied*, 469 U.S. 1106, 105 S.Ct. 779, 83 L.Ed.2d 774 (1985); *United States v. Loschiavo*, 531 F.2d 659, 662 (2d Cir.1976) ("[P]risoners on parole have been held to satisfy the 'in custody' requirement.") (citations omitted).

■ Here, however, roughly eighteen months elapsed between the date Appellant completed his sentence (December 15, 1992) and the date he filed his Motion to Vacate Conviction (May 10, 1994). It is therefore inconceivable that Appellant was "in custody" at the moment he filed his failed petition.[1] Indeed, in this case, Appellant fell out of custody (rendering him ineligible for § 2255 relief) on the same day he was sentenced.

---

1. Although another paragraph of 28 U.S.C. § 2255 provides that "[a] motion for such relief

may be made at any time," the "in custody" requirement trumps. *Darnell*, 716 F.2d at 480

This Court, then, must deny Appellant's request for relief under 28 U.S.C. § 2255.[2]

## 2. Cause and Prejudice

■ Had Appellant satisfied the "in custody" requirement, this Court nevertheless would have denied his appeal on other grounds. "A petitioner can rely on § 2255 only to correct a defect in sentencing which raises constitutional, jurisdictional, or other fundamental issues." *Thomas v. United States*, Nos. 95 CIV. 5284 & 95 CIV. 5287, 1995 WL 590650, at *1 (S.D.N.Y. Oct. 5, 1995). This Court finds that Appellant's claims do not implicate such extraordinary concerns. Furthermore, unless a petitioner shows sufficient cause and prejudice, a court may properly reject the claims of a § 2255 collateral attack when the issues in dispute have not first been raised on direct appeal. This Court agrees with the magistrate judge's finding that the requisite cause and prejudice has not been demonstrated by Appellant.

■ In his appeal from the magistrate judge's order, Appellant argues that his failure to challenge his conviction on direct appeal bears an intimate relation to his initial ignorance of the legal consequences that would attach to his criminal conviction. In essence, Appellant contends that his unanticipated exclusion from the United States forms adequate grounds to bypass the direct appeal process in favor of habeas relief. This Court, however, is constrained by the Second Circuit's explicit refusal to hold that "defendants are subjected to manifest injustice, if held to their plea, merely because they did not understand or foresee [any] collateral consequences." *United States v. Parrino*, 212 F.2d 919, 922 (2d Cir.) (considering the collateral consequence of deportation), *cert. denied,* 348 U.S. 840 (1954).

Thus, the fact that an individual, when entering his plea, misunderstands the prospect of exclusion is, "without more, . . . insufficient to render [that] plea involuntary." *United States v. Gavilan*, 761 F.2d 226, 228 (5th Cir.1985). *See also Janvier v. United States*, 793 F.2d 449, 451 (2d Cir.1986) (fact that attorney told his client that consequence of deportation would *not* attach to guilty plea was not error, even where attorney was wrong, and client was later deported). Appellant's ignorance of the law, then, does not, in and of itself, constitute the "complete miscarriage of justice," *United States v. Wright*, 524 F.2d 1100, 1101 (2d Cir.1975), that § 2255 is intended to remedy; nor does it satisfy the cause and prejudice requirements necessary to excuse Appellant's failure to seek relief on direct appeal.

## IV. CONCLUSION

The eighteen month interval separating Appellant's sentence and his Motion to Vacate Conviction renders Appellant ineligible for relief under 28 U.S.C. § 2255. The "in custody" requirement of that statutory section has not been met. This Court holds that even if § 2255 relief were available to Appellant, he has neither demonstrated cause and prejudice that would excuse his failure to first bring his claims on direct appeal, nor satisfactorily established how his grievances implicate the types of injuries contemplated by the extraordinary provisions of § 2255.

For the foregoing reasons, the magistrate judge's order denying Appellant's Motion to Vacate Conviction is AFFIRMED.

IT IS SO ORDERED.

("Although a § 2255 motion may be brought 'at any time,' that section imposes the requirement that the movant be 'in custody.'") (citations omitted).

**2.** Having lost the opportunity to obtain relief under 28 U.S.C. § 2255 by reason of the completion of sentence, Appellant nevertheless may seek remedy by bringing a petition for *coram nobis*. Relief under the ancient writ is "available to the sentencing court even after release from custody." *United States v. Loschiavo*, 531 F.2d 659, 662 (2d Cir.1976). The writ of *coram nobis*,

however, provides "extraordinary remedy only under circumstances compelling such action to achieve justice." *Id.* (quoting *United States v. Morgan*, 346 U.S. 502, 511, 74 S.Ct. 247, 252, 98 L.Ed. 248 (1954)). In short, analyses under 28 U.S.C. § 2255 and *coram nobis* are analogous. *See id.* ("Section 2255 and *coram nobis* are similar."). Thus, for reasons set forth in part III.C.2. of this Decision and Order, Appellant's appeal would fail even if treated as a petition for *coram nobis* relief.