**Jonathan Melvin MOORE,**
**Petitioner–Appellant,**

v.

**UNITED STATES of America,**
**Respondent–Appellee.**

No. 01–4316.

United States Court of Appeals, Sixth Circuit.

Oct. 27, 2003.

Jonathan Melvin Moore, Lewisburg, PA, pro se.

Thomas M. Bauer, Asst. U.S. Attorney, U.S. Attorney's Office, Akron, OH, for Respondent–Appellee.

Before DAUGHTREY and GILMAN, Circuit Judges; and HAYNES, District Judge.*

## ORDER

Jonathan Melvin Moore, a pro se federal prisoner, appeals a district court judgment dismissing his petition for a writ of error coram nobis filed pursuant to 28 U.S.C. § 1651. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Moore was convicted of bank robbery in 1966 and his sentence was completed in 1977. Moore was recently charged and convicted of multiple bank robberies. Moore states that his prior 1966 conviction has increased his current sentence under the United States Sentencing Guidelines. Moore sought a writ of error coram nobis to have the district court set aside the 1966 conviction. The district court dismissed the petition as meritless.

In his timely appeal, Moore presents multiple reasons why the district court erred in denying his request for a writ of error coram nobis. He also requests leave to proceed in forma pauperis and appointed counsel.

The district court's judgment is reviewed de novo. *See Blanton v. United States,* 94 F.3d 227, 230 (6th Cir.1996). The district court's findings of fact, however, must be upheld unless clearly erroneous. *Id.*

The district court properly dismissed Moore's request for relief. To be entitled to a writ of error coram nobis, the petitioner must demonstrate: 1) an error of fact; 2) unknown at the time of the trial; 3) that is of a fundamentally unjust character which probably would have altered the outcome of the challenged proceeding if it had been known. In addition, the writ if available only when relief under 28 U.S.C. § 2255 is unavailable. Generally, this occurs when the petitioner has completely served his sentence and is no longer "in custody" for the purposes of § 2255. *United States v. Johnson,* 237 F.3d 751, 755 (6th Cir.2001).

■ In his petition, Moore contends that his guilty plea was not knowingly and intelligently entered, that his attorney was

* The Honorable William J. Haynes, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

**790**

ineffective, that he was actually innocent of the charge, and that the trial court violated Fed.R.Crim.P. 11 by accepting his plea. Moore fails to state how any of these alleged errors were unknown at the time of his plea. Moore's arguments concern alleged errors of law which would appear in the court's transcripts. Moore, in fact, has supplied a copy of the transcript to emphasize his arguments. However, the writ is available for *errors of fact*. As Moore's arguments are alleged errors of law, readily available by reviewing the court transcripts, he is not entitled to the writ. *Id.*

■ Further, Moore has waited nearly forty years to challenge his 1966 conviction. Moore must demonstrate reasonable diligence in ascertaining and presenting his claims because the government's ability to rebut the allegations of a petition diminishes with the passage of time. *United States v. Darnell,* 716 F.2d 479, 480 (7th Cir.1983). As Moore has given no explanation for his lengthy delay, he has not established reasonable diligence in seeking relief. *Id.* at 481 (twenty year delay is unreasonable); *see also Telink. Inc. v. United States,* 24 F.3d 42, 48 (9th Cir. 1994) (five year delay is unreasonable); *Johnson v. United States,* 334 F.2d 880, 883–84 (6th Cir.1964) (fifteen year delay is unreasonable).

Accordingly, we grant Moore pauper status, deny the request for counsel, and affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.