**UNITED STATES of America,**
**Appellee,**

v.

**George CAMPBELL,[1] Defendant–**
**Appellant.**

**No. 03–1309.**

United States Court of Appeals,
Second Circuit.

March 3, 2004.

1. We note that our official caption misspells Campbell's name as "Cambell."

Labe M. Richman, New York, NY, George Campbell, White Deer, PA, for Appellant, pro se.

Judith Philips, Assistant United States Attorney for the Eastern District of New York (Jo Ann M. Navickas, Assistant United States Attorney, Roslynn R. Mauskopf, United States Attorney, on the brief), Brooklyn, NY, for Appellee, of counsel.

Present: STRAUB, POOLER, and B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is AFFIRMED.

Defendant–Appellant George Campbell appeals from an amended judgment entered May 15, 2003 in the United States District Court for the Eastern District of New York (Raymond J. Dearie, *Judge*), resentencing Campbell to a 150–year prison term. Pursuant to the terms of an extradition agreement between the United States and Costa Rica, that judgment indicates that Campbell must be released after he has served 50 years in prison but he is not eligible for release before that time.

After a jury trial in March 1999, Campbell was convicted of four counts of armed robbery of banks, three counts of post office robbery, one count of conspiracy to commit these robberies, and seven counts of using and carrying a firearm while committing a crime of violence. He was sentenced, in July 2000, to 155 years' incarceration. The judgment issued by the District Court after Campbell's initial sentencing also expressly stated that Campbell was to serve no more than 50 years in compliance with the extradition agreement. We affirmed Campbell's conviction in *United States v. Campbell*, 300 F.3d 202 (2d Cir.2002) ("*Campbell I*") but remanded the case to the District Court for a limited resentencing to correct certain technical errors in the calculation of Campbell's prison term. *Id.* at 217. We held that all of Campbell's other contentions lacked merit.

On this appeal, Campbell, both through his attorney and in *pro se* submissions to this Court, asserts a number of different arguments alleging defects in his conviction and sentence. As outlined briefly below, we find that each of these claims is either barred by the law of the case or without merit.

■ Campbell's first set of arguments either recycle claims that have already been decided against him in previous stages of this litigation or assert positions that should have been raised in *Campbell I*. Our remand in *Campbell I* was for the very limited purpose of correcting clearly delineated errors in the calculation of Campbell's sentence and, thus, did not empower Campbell to relitigate issues he had already waived. *See United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir.

2002) (explaining that when case is remanded for limited purpose and not for *de novo* resentencing, defendant may not raise issues that he has previously waived); *United States v. Ben Zvi,* 242 F.3d 89, 95 (2d Cir.2001) ("In the context of a remand for resentencing where an appellate court has already fully considered the merits of the conviction, the trial court generally is foreclosed from reconsidering the underlying merits of the conviction."). Furthermore, we find that Campbell has identified no "cogent and compelling" reason for us to consider or revisit any of these issues. *Quintieri,* 306 F.3d at 1225. As such we find that the following issues are barred by the law of the case: (i) whether the 50-year sentence is a *de facto* life sentence in violation of the terms of the extradition agreement, *see Campbell I,* 300 F.3d at 211–12; (ii) whether Campbell's sentence impermissibly exceeded applicable statutory maxima, *see id.* at 212–13; (iii) whether the jury instructions were improperly biased in the government's favor; and (iv) whether the District Court abused its discretion when it failed to consider various motions at the resentencing phase.

■ Campbell also raises a due process question concerning our failure to consider his motion to recall the mandate. It is clear that the clerk's office should have, pursuant to Second Circuit Local Rule 27(c), forwarded Campbell's motion to recall the mandate to the panel that decided *Campbell I.* Campbell asks that we consider that motion on this appeal and, in light of this error, we oblige his request. The claim contained in Campbell's recall motion is that his trial counsel impeded his Sixth Amendment right to testify. Whether we treat that claim as a stand-alone motion to recall the mandate or simply fold

the argument into the rest of this appeal, we find no reason to disturb this Court's rejection of that argument in *Campbell I.* See 300 F.3d at 214–15. Were we to treat it as a motion to recall the mandate, we would find that Campbell has identified no "extraordinary circumstances" justifying such a recall.[2] *See Bottone v. United States,* 350 F.3d 59, 62 (2d Cir.2003). If, instead, we incorporated the argument into his current appeal, we would find that it is, like the other claims addressed thus far, barred by the law of the case and Campbell has identified no "cogent and compelling reasons" that would persuade us to revisit the issue. *Quintieri,* 306 F.3d at 1225.

Campbell's second set of arguments refer to alleged errors that occurred during the resentencing phase and are not covered by the law of the case doctrine. First, Campbell argues he was denied his Sixth Amendment right to counsel and was "forced to go *pro se*" at his resentencing. A defendant must "intelligently and knowingly" waive the right to counsel. *United States v. Hurtado,* 47 F.3d 577, 583 (2d Cir.1995). Whether a valid waiver has occurred depends on "all the surrounding facts and circumstances, including the experience, background, and conduct of the accused." *Id.* The totality of the circumstances in this case indicate Campbell knowingly and intelligently waived his right to counsel. Campbell's attempts to proceed *pro se* include, but are not limited to, an effort at trial on March 1, 1999, a motion dated November 20, 2002, and a request during a status conference on December 12, 2002. Having reviewed the record, we believe that the able district judge who had an opportunity to talk with and observe Campbell at trial and at two

**2.** Campbell's petitions for rehearing and for rehearing *en banc* were denied on January 14, 2003 and his motion to stay the remand to the District Court was denied on February 28, 2003.

sentencings correctly determined that he knowingly and voluntarily waived his right to counsel. In addition, at Campbell's request, his counsel served as Campbell's legal advisor during the resentencing and made arguments in addition to those Campbell made. These facts coupled with Campbell's significant role in the representation throughout the process indicate that Campbell knowingly and intelligently waived the right to counsel.

■ Campbell also contends that the District Court abused its discretion in denying Campbell's motion for an extension of time prior to the resentencing hearing. Given that the resentencing proceedings had been postponed from December 2002 to April 2003, we find that the District Court did not abuse its discretion in denying Campbell's motion for additional time.

With respect to Campbell's claim that he has been prejudiced in pursuing this appeal because the transcripts from the District Court's status conferences on December 12, 2002 and December 16, 2002 are missing, we conclude that this argument is moot because both transcripts are included in the appendix.

Accordingly, the motion to recall the mandate is DENIED and the judgment of the District Court is AFFIRMED.