**JAMES C. TINDELL, Appellant/Defendant**

**v.**

**PEOPLE OF THE VIRGIN ISLANDS, Appellee/Plaintiff**

S. Ct. Criminal No. 2009-0107

Supreme Court of the Virgin Islands

January 5, 2012

138

139

140

141

142

J. ROBERT ARNETT, II, ESQ., Dallas, TX, *Attorney for Appellant.*

TERRYLN M. SMOCK, ESQ., AAG, Dept. of Justice, St. Thomas, USVI, *Attorney for Appellee.*[1]

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice.*

## OPINION OF THE COURT

### (January 5, 2012)

HODGE, *Chief Justice.* James C. Tindell appeals from the Superior Court's September 2, 2009 Judgment, which it entered after accepting Tindell's plea of *nolo contendere* for failing to comply with Virgin Islands broker-dealer registration requirements. Tindell contends that the information was insufficient because it failed to allege all the essential elements of the offense to which Tindell pled *nolo contendere*; that the Superior Court erred when it accepted his plea because it was involuntary and without a factual basis; and that the Superior Court imposed an illegal sentence. For the reasons that follow, we will affirm the Superior Court's Judgment.

## I. STATEMENT OF FACTS AND PROCEDURAL POSTURE

Tindell met a couple, Pamela Christie and Kevin Dumoulin, in November 2008. Shortly after their first encounter, during which there was some discussion about the stock market and Tindell's experience with it, Christie and Dumoulin began to transfer funds to Tindell for him to purchase stock on their behalf. The couple transferred money to Tindell, totaling $9,950, on six separate occasions. Although Tindell received the funds from Christie and Dumoulin, the couple did not receive confirmation of any stock purchase. There is no evidence that Tindell purchased stock with the funds he received from the couple, nor has Tindell returned the money he received to the couple despite their requests.

---

[1] Although the People of the Virgin Islands have entered an appearance in this matter, this Court, in a September 2, 2010 Order, rejected the People's brief — which was filed seven days after the filing deadline — because the People failed to provide this Court with a valid reason to accept the untimely filing.

The People of the Virgin Islands initiated criminal proceedings against Tindell on March 25, 2009, and on April 1, 2009, filed an information charging him with six counts of obtaining money by false pretense, six counts of embezzlement by fiduciaries, six counts of grand larceny, six counts of general fraud, and two counts of failing to comply with broker-dealer registration requirements. Tindell originally pleaded not guilty to all charges, but later entered into a plea agreement in which he would plead *nolo contendere* to Count 25 of the information — charging failure to comply with broker-dealer registration requirements — in exchange for the People dismissing the remaining counts and recommending that Tindell be sentenced to eight years imprisonment, with four years suspended, and pay restitution. At a July 7, 2009 change of plea hearing, the Superior Court accepted the plea agreement after finding that there was an adequate factual basis for the plea and that Tindell knowingly and voluntarily made the plea. On August 25, 2009, the Superior Court sentenced Tindell to eight years in prison, four of which were suspended, and ordered that Tindell pay $9,950 in restitution and a $1,000 fine.

On August 30, 2009, Tindell mailed a *pro se* letter to the trial judge requesting a sentence reduction. Shortly thereafter, the Superior Court memorialized Tindell's conviction and sentence in a September 2, 2009 Judgment and Commitment. Tindell, although represented by counsel, timely filed[2] a *pro se* notice of appeal[3] on September 16, 2009. On December 9, 2009, Tindell's counsel filed an amended notice of appeal and amended motion for correction and reduction of sentence, which the Superior Court denied in a December 23, 2009 Order.

---

[2] At the time Tindell filed his notice of appeal, Supreme Court Rule 5(b)(1) provided that "[i]n a criminal case, a defendant shall file the notice of appeal in the Superior Court within fourteen days after the entry of . . . the judgment or order appealed from." But effective November 2, 2011, this period has been extended to thirty days.

[3] Tindell was represented by counsel at the time he filed his notice of appeal, and the United States Constitution does not guarantee the right to "hybrid" representation. *See McKaskle v. Wiggins*, 465 U.S. 168, 183, 104 S. Ct. 944, 953, 79 L. Ed. 2d 122 (1984). However, Federal Rule of Criminal Procedure 32, which is made applicable to Superior Court proceedings pursuant to Superior Court Rule 7, "creates an exception to the general rule that a criminal defendant may act only through his counsel by providing that '[i]f the defendant so requests, the [C]lerk [of the Court] must immediately prepare and file a notice of appeal on the defendant's behalf.'" *Brown v. People*, S. Ct. Crim. No. 2007-0063, 2010 V.I. Supreme LEXIS 74, at *11 n.8 (V.I. Sept. 27, 2010) (quoting FED. R. CRIM. P. 32(j)(2)).

## II. DISCUSSION

### A. Jurisdiction and Standard of Review

"The Supreme Court [has] jurisdiction over all appeals arising from final judgments, final decrees [and] final orders of the Superior Court . . . ." V.I. CODE ANN. tit. 4 § 32(a). Accordingly, because the Superior Court's September 2, 2009 Judgment constituted a final judgment,[4] this Court has jurisdiction over Tindell's appeal.

Our standard of review in examining the Superior Court's application of law is plenary, while findings of fact are reviewed only for clear error. *St. Thomas-St. John Bd. of Elections v. Daniel*, 49 V.I. 322, 329 (V.I. 2007). This Court, however, only reviews the reasonableness of a sentence imposed by the Superior Court for abuse of discretion. *See Shoy v. People*, 55 V.I. 919, 925 (V.I. 2011). Nevertheless, when a criminal defendant failed to timely object to an alleged error in the Superior Court, this Court reviews the claim for plain error, but only if the challenge was forfeited rather than waived. *Murrell v. People*, 54 V.I. 338, 346-47 (V.I. 2010). But, if the alleged error relates to the Superior Court's subject matter jurisdiction, this Court exercises plenary review regardless of whether the issue was brought to the attention of this Court or the Superior Court. *Guardianship of Smith*, 54 V.I. 517, 524 (V.I. 2010).

### B. Tindell Cannot Challenge the Sufficiency of the Information for the First Time on Appeal

Tindell, as his primary issue on appeal, contends that Count 25 of the information, to which he pled *nolo contendere*, is "fatally defective" because (1) while title 9, section 631(a) of the Virgin Islands Code requires that a defendant transact business as a broker-dealer, the information never alleged that Tindell actually bought or sold securities; and (2) while section 658(a) requires that a violation of section 631 be "willful," the information does not include a *mens rea* element. Moreover,

---

[4] Although the Superior Court did not rule on either of Tindell's motions for a sentence reduction until December 23, 2009, the pendency of those motions did not affect the finality of its September 2, 2009 Judgment. *See* V.I.S.CT.R. 5(b)(3) (explaining that Superior Court retains jurisdiction to correct a sentence notwithstanding the filing of a notice of appeal, and that filing of such a motion has no affect on validity of a notice of appeal filed before entry of an order disposing of the motion).

Tindell argues that this Court may consider this issue for the first time on appeal notwithstanding his *nolo contendere* plea because "[t]he failure of an indictment or information to allege all essential elements of an offense is a jurisdictional defect," and, even if not jurisdictional, may still be raised for the first time on appeal. (Appellant's Br. 10.) Thus, as a threshold matter, we must determine whether this issue is properly before this Court.

### 1. *Failure of an Information to State an Element of an Offense Does Not Constitute a Jurisdictional Defect*

■ "Ordinarily, procedural errors — no matter how egregious — will not constitute jurisdictional defects that render a judgment or order void" unless the error affected the Superior Court's authority to rule on the merits of the dispute. *Smith*, 54 V.I. at 526 (quoting *Morrison v. Bestler*, 239 Va. 166, 387 S.E.2d 753, 756, 6 Va. Law Rep. 1125 (Va. 1990)). However, because parties cannot stipulate to subject matter jurisdiction, *H & H Avionics, Inc. v. V.I. Port Auth.*, 52 V.I. 458, 460 (V.I. 2009) (quoting *Wisconsin Bell, Inc. v. TCG Milwaukee, Inc.*, 301 F. Supp. 2d 893, 895-96 (W.D. Wis. 2002)), a litigant may challenge the Superior Court's jurisdiction at any time, even for the first time on appeal. *Smith*, 54 V.I. at 526.

■■ In his appellate brief, Tindell, citing *United States v. Prentiss*, 206 F.3d 960, 965 (10th Cir. 2000) and *United States v. Wander*, 601 F.2d 1251, 1259 (3d Cir. 1979), correctly recognizes that some appellate courts have described an information's failure to set forth all essential elements of an offense as a "jurisdictional" defect that a criminal defendant can neither waive nor forfeit through a plea agreement. The United States Supreme Court, however, has unanimously overruled *Ex parte Bain*, 121 U.S. 1, 7 S. Ct. 781, 30 L. Ed. 849 (1887), the case that first described such defects as jurisdictional. In *United States v. Cotton*, 535 U.S. 625, 629, 122 S. Ct. 1781, 152 L. Ed. 2d 860 (2002), the Supreme Court reversed a judgment by the United States Court of Appeals for the Fourth Circuit and rejected the proposition that "because an indictment setting forth all the essential elements of an offense is both mandatory and jurisdictional, . . . a court is without jurisdiction to . . . *impose a sentence* for an offense not charged in the indictment." (second ellipsis in original) (internal quotation marks and citations omitted). In rejecting this proposition, the Supreme Court expressly held that "defects in an

indictment do not deprive a court of its power to adjudicate a case," but rather go "to the merits of the case."[5] *Id.* at 630-31; *see also United States v. Williams*, 341 U.S. 58, 66, 71 S. Ct. 595, 95 L. Ed. 747 (1951) (holding that a ruling "that the indictment is defective does not affect the jurisdiction of the trial court to determine the case presented by the indictment"). Thus, under the Supreme Court's holding in Cotton, "indictment defects are not 'jurisdictional,' " *United States v. Hedaithy*, 392 F.3d 580, 588 (3d Cir. 2004) (citing *Cotton*, 535 U.S. at 631),[6] and a defendant who has pled guilty or *nolo contendere* only possesses an absolute right to challenge the sufficiency of the jurisdictional allegations on appeal, and may not challenge any other defect in the information unless authorized by some other authority. *See Cotton*, 535 U.S. at 630; *State v. Jones*, 140 Idaho 755, 101 P.3d 699, 703-04 (Idaho 2004) (distinguishing between jurisdictional and non-jurisdictional allegations in an information).

▮ Pursuant to section 21(b) of the Revised Organic Act and title 4, section 76(b) of the Virgin Islands Code, the Superior Court has subject matter jurisdiction to hear criminal cases that (1) arise from the Virgin Islands and (2) involve violations of Virgin Islands criminal statutes.[7]

---

[5] The Supreme Court noted that the expansive concept of subject matter jurisdiction originated during "an era in which the Court's authority to review criminal convictions was greatly circumscribed." *See Cotton*, 535 U.S. at 629. During that era, "a defendant could not obtain direct review of his criminal conviction in the Supreme Court." *Id.* at 629-30. "[T]herefore, th[e] Court could examine constitutional errors in a criminal trial only on a writ of habeas corpus, and only then if it deemed the error 'jurisdictional.' The Court's desire to correct obvious constitutional violations led to a somewhat expansive notion of 'jurisdiction,' which was 'more a fiction than anything else.' " *Id.* at 630 (internal citations omitted). This elastic concept of jurisdiction, however, "is not what the term 'jurisdiction' means today, *i.e.*, 'the courts' statutory or constitutional *power* to adjudicate the case.' " *Id.*

[6] In *Hedaithy*, the Third Circuit did a thorough analysis of the Supreme Court's decision in *Cotton* and its application to challenging the sufficiency of an indictment or information. It concluded that Federal Rule of Criminal Procedure 12(b)(3)(B) was the only basis upon which a defendant could challenge the sufficiency of his indictment or information for the first time on appeal. *See Hedaithy*, 392 F.3d at 588-89.

[7] *See* The Revised Organic Act of 1954, § 21(b), 48 U.S.C. § 1611(b) *reprinted in* V.I. CODE ANN., Historical Documents, Organic Acts, and U.S. Constitution at 159 (1995) (preceding V.I. CODE ANN. tit. 1) ("The legislature of the Virgin Islands may vest in the courts of the Virgin Islands established by local law jurisdiction over all causes in the Virgin Islands over which any court established by the Constitution and laws of the United States does not have exclusive jurisdiction."); 4 V.I.C. § 76(b) ("[T]he Superior Court shall have original jurisdiction in all criminal actions.").

Therefore, to establish that the Superior Court had subject matter jurisdiction over this case, the People were only required to allege in the information that the charged offense occurred in the Virgin Islands and to cite to the Virgin Islands criminal statute that Tindell allegedly violated. The information expressly alleges that Tindell engaged in specific conduct in Count 25 "in St. Thomas, the U.S. Virgin Islands," for which he was being charged with violating "9 V.I.C. § 631, Broker-Dealer Registration Requirement and 9 V.I.C. § 658(a), Criminal Penalties." (J.A. 20.) Accordingly, Count 25 does not contain any jurisdictional defects, even if it is arguable that — had Tindell not waived his due process rights through his plea agreement — the allegations in Count 25, if accepted as true, may not have been sufficient to obtain a conviction or to provide Tindell with adequate notice of the charges against him.

### 2. Federal Rule of Criminal Procedure 12(b)(3)(B) Does Not Apply to Superior Court Proceedings

■ Although Tindell primarily contends that this Court may review the sufficiency of the information on the grounds that the error is jurisdictional, his brief also cites to *United States v. Panarella*, 277 F.3d 678, 683 (3d Cir. 2002), a case in which the Third Circuit held that, regardless of whether a defect in an information or indictment is jurisdictional, a defendant may challenge the sufficiency of the information notwithstanding his guilty or *nolo contendere* plea under Federal Rule of Criminal Procedure 12(b)(3)(B). Federal Rule of Criminal Procedure 12 establishes the procedures for filing pre-trial motions. Under Rule 12(b)(3)(B) — which defines motions that must be made before trial — a court may hear a claim that the information fails to state an offense "at any time while the case is pending."[8] The Third Circuit has interpreted this language to mean that a defendant "must be permitted, in accordance with Rule 12(b)(3)(B), to challenge for the first time on appeal the sufficiency of his superseding indictment." *Hedaithy*, 392 F.3d at 589. This Rule, therefore, "permit[s] a defendant who enters

---

[8] Federal Rule of Criminal Procedure 12(b)(3)(B) provides:

> The following [motions] must be raised before trial . . . a motion alleging a defect in the indictment or information — but at any time while the case is pending, the court may hear a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense.

an unconditional guilty plea to argue on appeal that the specific facts alleged in the charging document do not amount to a criminal offense." *Panarella*, 277 F.3d at 680.[9]

■■ For proceedings in the Superior Court, Superior Court Rule 7 provides that "[t]he practice and procedure in the Superior Court shall be governed by the Rules of the Superior Court and, to the extent not inconsistent therewith, by . . . the Federal Rules of Criminal Procedure." SUPER. CT. R. 7. When a Superior Court rule governs the same subject matter as a federal rule, however, the federal rule cannot apply to Superior Court proceedings pursuant to Superior Court Rule 7. *See Corraspe v. People*, 53 V.I. 470, 481-82 (V.I. 2010).[10]

■■ Superior Court Rule 128(a) governs pre-trial motions in Superior Court proceedings. According to Rule 128(a),

> All pre-trial motions shall be made prior to the motion deadline established by the court, unless otherwise extended by the court for good cause shown. The court shall rule on all motions prior to judgment.

SUPER. CT. R. 128(a). Although this Court may determine what constitutes a pre-trial motion by considering case law interpreting Federal Rule of Criminal Procedure 12, Rule 128(a) specifically requires all pre-trial motions to be ruled on prior to judgment.[11] *See* SUPER. CT. R. 128(a). As such,

---

[9] *Panarella* applied Federal Rule of Criminal Procedure 12(b)(2), which was the predecessor to Rule 12(b)(3)(B). The textual differences between the two versions of the rule represent alterations in form only, and "[n]o change in practice [was] intended." *See* FED. R. CRIM. P. 12(b)(3)(B) advisory committee note.

[10] In *Corraspe*, this Court held that Federal Rule of Criminal Procedure 11(c), which prohibits judicial participation in plea agreements, was not applicable in this jurisdiction because Superior Court Rule 126, which has no such prohibition, governs plea agreements in the Virgin Islands to the exclusion of Federal Rule of Criminal Procedure 11(c). *Corraspe*, 53 V.I. at 482-83. We noted, that in the absence of Rule 126, Federal Rule of Criminal Procedure 11(c) and its prohibition on judges participating in plea agreements would apply to plea bargains in the Virgin Islands through Superior Court Rule 7. *Id.* But, by enacting Rule 126 and omitting a prohibition on judicial participation in plea agreements, the Superior Court intended not to have that prohibition apply. *Id.*

[11] Superior Court Rule 128(a) does not delineate which motions are considered pre-trial motions. To interpret Superior Court Rule 128(a) and determine what constitutes a pre-trial motion, this Court may consider case law interpreting Federal Rule of Criminal Procedure 12, which contains language similar to Superior Court Rule 128(a). *See People v. Todmann*, 53 V.I. 431, 442 n.12 (V.I. 2010); *Mulley v. People*, 51 V.I. 404, 411 (V.I. 2009); *People v. Pratt*, 50 V.I. 318, 322 (V.I. 2008).

allowing a defendant to argue for the first time on appeal that the information fails to state an offense would be inconsistent with Superior Court Rule 128(a). *See Corraspe*, 53 V.I. at 482-83. Thus, Superior Court Rule 128(a), and not Federal Rule of Criminal Procedure 12, governs pre-trial motions in the Superior Court, even if Superior Court Rule 128(a) provides a less comprehensive framework than Federal Rule of Criminal Procedure 12.[12] *See id.* at 489.

## C. The Superior Court Did Not Err in Accepting Tindell's Plea Agreement

As his second issue on appeal, Tindell contends that the Superior Court erred when it accepted his *nolo contendere* plea because there was an inadequate factual basis for the plea which prevented him

---

[12] Moreover, even if Federal Rule of Criminal Procedure 12(b)(3)(B) was not inconsistent with Superior Court Rule 128(a) and could apply to Superior Court proceedings pursuant to Superior Court Rule 7, the federal rule would not apply to proceedings in the Supreme Court. As this Court has recently explained,

> it is well established that it is this Court, and not the Superior Court, which may promulgate rules governing this Court's proceedings. *See* 4 V.I.C. § 34(a) ("The Supreme Court may . . . promulgate or amend general rules . . . and regulate the practice and procedure governing causes and proceedings in the Court. . . ."). Likewise, although Superior Court Rule 7 may allow some federal rules to apply to Superior Court proceedings, Rule 7, like other rules adopted only by the Superior Court, cannot bind this Court.

*In re Kendall*, 53 V.I. 459, 463 (V.I. 2010).

While the Third Circuit in *Panarella* and *Hedaithy*, as well as other federal appellate courts, interpreted the phrase "at any time while the case is pending" in Federal Rule of Criminal Procedure 12(b)(3)(B) to encompass a direct appeal, such an interpretation of this rule is permissible only because the Federal Rules of Criminal Procedure — which are promulgated by the United States Supreme Court and approved by the United States Congress — expressly provide that they "govern the procedure in all criminal proceedings in the United States district courts, the United States courts of appeals, and the Supreme Court of the United States." FED. R. CRIM. P. 1(a). However, as this Court explained in *Kendall*, while the Superior Court possesses the statutory authority to create its own procedural rules, it lacks the authority to promulgate a rule that would in any way bind this Court. 53 V.I. at 463; *see also Panko v. Rodak*, 606 F.2d 168, 171 n.6 (7th Cir. 1979) (holding that trial court lacks authority to require a higher court to take any action, and observing that it would be "unseeml[y]" for trial court to interfere with the appellate court's authority to establish its own policies and procedures). Additionally, Superior Court Rules 1 and 7 state that the Superior Court's rules only apply to proceedings in the Superior Court, and at no point purport to apply to proceedings in this Court. *See* SUPER. CT. R. 1 ("These rules govern the practice and procedure in the Superior Court."); SUPER. CT. R. 7 ("The practice and procedure in the Superior Court shall be governed by the Rules of the Superior Court . . . .").

from entering a knowing and voluntary plea. In support of this argument, Tindell relies on Superior Court Rule 126. Although Tindell correctly recognizes that it is Superior Court Rule 126 — and not Federal Rule of Criminal Procedure 11 — that governs the acceptance of pleas in Virgin Islands local courts, *Corraspe*, 53 V.I. at 482-83, he has misinterpreted the rule. Superior Court Rule 126 does not require that the Superior Court determine whether there is an adequate factual basis for a *nolo contendere* plea prior to accepting the plea. *See* SUPER. CT. R. 126 ("Where a plea of *guilty* is entered, the court *may* hear the witnesses in support of the complaint prior to judgment and sentence, and after such hearing, *may*, in its discretion, refuse to accept the plea.") (emphases added).[13] As such, whether an adequate factual basis exists for Tindell's plea is not relevant in determining whether it was entered into knowingly and voluntarily.[14]

---

[13] Federal Rule of Criminal Procedure 11(b)(3) also does not require trial courts to determine whether there is an adequate factual basis for a *nolo contendere* plea prior to accepting the plea. *See* FED. R. CRIM. P. 11(b)(3) ("Before entering judgment on a *guilty* plea, the court must determine that there is a factual basis for the plea.") (emphasis added); *see also* 1A CHARLES A. WRIGHT & ANDREW D. LEIPOLD, FEDERAL PRACTICE & PROCEDURE — CRIMINAL § 175 (4th ed. 2008) ("Rule 11(b)(3) requires the court to find a factual basis for a guilty plea but not for a *nolo contendere* plea.... [T]he rationale for dispensing with the factual basis requirement is that an innocent person may not wish to contest the charges against him, and a no contest plea is the means to accomplish this."). Moreover, even if Tindell had pled guilty rather than *nolo contendere*, Superior Court Rule 126 provides that the Superior Court may consider the factual basis of a guilty plea but does not mandate that it consider it, unlike Federal Rule 11(b)(3). This would preclude this Court from holding that the Superior Court abused its discretion by accepting a plea in the absence of a factual basis. *Cf. United States v. Lewis*, 593 F.3d 765, 773 (8th Cir. 2010) (holding court does not abuse its discretion when it refuses to modify sentence on basis of factor that it is permitted, but is not required to, consider).

[14] In his appellate brief, Tindell cites to *Tocci v. United States*, 178 F. Supp.2d 176, 178 (N.D.N.Y. 2001), for the proposition that a defendant's Fifth Amendment right to due process is violated if a guilty plea is accepted without a factual basis. The *Tocci* case, however, involved a federal prisoner, as well as a guilty plea rather than a *nolo contendere* plea. *Id.* at 179. Moreover, pursuant to the Revised Organic Act of 1954, the Fifth Amendment shall have the same force and effect in the Virgin Islands "as in the United States or in any State of the United States," 48 U.S.C. § 1561, and Congress has, an administrative convenience, chosen to treat the District Court of the Virgin Islands as a federal court and the Superior Court as a state court. *See Admission of Alvis*, 54 V.I. 408, 413-14 (V.I. 2010). Importantly, the United States Supreme Court has expressly held that, while the requirement that a guilty or *nolo contendere* plea be voluntary is constitutionally required, the other aspects of Federal Rule of Criminal Procedure 11 — including the factual basis requirement — "ha[ve] not been held to be constitutionally mandated." *McCarthy v. United States*, 394 U.S. 459, 465, 89 S. Ct. 1166, 22 L.

 ██ Superior Court Rule 126 requires that the Superior Court determine whether "the defendant understands the nature of the charge against him, and [whether] the plea is voluntarily made." At the July 9, 2009 hearing, the Superior Court, prior to accepting Tindell's *nolo contendere* plea, asked Tindell numerous questions aimed at determining whether he understood the charges against him and was voluntarily changing his plea to *nolo contendere*. In response to the Superior Court's inquiry, Tindell testified that he had discussed the case with his counsel before signing the plea agreement and was satisfied with his representation, that he had not been forced to change his plea, and that he had not been recently hospitalized, was not under the control of contraband, and was completely oriented. Moreover, after the Superior Court repeated the charge, the possible sentence range and type, and the rights given up by pleading *nolo contendere*, Tindell confirmed that he understood everything that had been said. Finally, there is nothing in the record that suggests Tindell was pressured into accepting the plea agreement or that he did not understand the consequences of changing his plea from not guilty to *nolo contendere*. We therefore find that Tindell's plea of *nolo contendere* was both knowing and voluntary. *See Corraspe*, 53 V.I. at 484-85.

### D. The Superior Court Did Not Err in Sentencing Tindell to a Period of Incarceration

As his final issue on appeal, Tindell argues that the Superior Court erred by imposing incarceration as part of his sentence. Tindell specifically contends that the Superior Court improperly imposed incarceration because the Superior Court made no inquiry whether Tindell willfully violated section 631, nor was any evidence adduced that Tindell willfully violated section 631 at the August 25, 2009 sentencing hearing.[15]

---

Ed. 2d 418 (1969); *see Boykin v. Alabama*, 395 U.S. 238, 243, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969).

[15] We note that while Tindell claims that this alleged error relates to the Superior Court's sentencing decision, the argument presented is identical to his challenge to the sufficiency of the information. Therefore, it is arguable that this Court should decline to consider this issue on the merits because Tindell is not truly attempting to challenge his sentence, but using the Superior Court's sentence as a vehicle to litigate an issue that he has waived through his *nolo contendere* plea. *See United States v. Campbell*, 88 Fed. Appx. 465, 466-67 (2d Cir. 2004)

■ Title 9, section 631 of the Virgin Islands Code makes it "unlawful for a person to transact business in [the Virgin Islands] as a broker-dealer, unless the person is registered under [the] chapter as a broker-dealer or is exempt from registration as a broker-dealer under subsection (b) or (d)." 9 V.I.C § 631(a). Section 631(a) is limited to defining unlawful conduct and does not by itself create either civil or criminal liability or penalties. In order for a section 631(a) violation to result in criminal liability, for which a defendant may be sentenced to a fine, incarceration or both, the defendant must have willfully violated section 631(a). *See* 9 V.I.C. § 658(a) ("A person that willfully violates this chapter . . . shall be fined not more than $1,000,000 or imprisoned not more than 10 years, or both.").

■■ Tindell was convicted of violating sections 631(a) and 658(a) based on his plea of *nolo contendere*. The *nolo contendere* plea "establishes the truth of the charge for purposes of sentencing." *Ulak v. State*, 238 P.3d 1254, 1256 (Alaska Ct. App. 2010); *see also United States v. Williams*, 642 F.2d 136, 140 (5th Cir. 1981) ("[A] *nolo* plea is an admission to every element of the offense . . . .") (citing *Lott v. United States*, 367 U.S. 421, 426, 81 S. Ct. 1563, 6 L. Ed. 2d 940 (1961)); *cf. United States v. Broce*, 488 U.S. 563, 569, 109 S. Ct. 757, 102 L. Ed. 2d 927 (1989) (holding that a guilty plea and ensuing conviction "comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence"). Therefore, at the August 25, 2009 sentencing hearing, no additional evidence was required from the People to establish section 631(a), nor was any analysis required by the court on the matter. *See Ulak*, 238 P.3d at 1256.

Furthermore, the court imposed sentence was well within the range set out in section 658(a). And, the sentence mirrored the People's recommended sentence pursuant to the plea agreement. Tindell was sentenced to eight years of incarceration, four of which were suspended, and given credit for time served; restitution in the amount of $9,950; and a fine of $1,000. The Superior Court, therefore, did not err by imposing the sentence that it did.

---

(unpublished) (holding appeal of trial court's sentence cannot be used as a vehicle to raise issues previously waived). Nevertheless, this Court, to further the interests of justice, exercises its discretion to consider this issue on the merits.

## III. CONCLUSION

Since Tindell pled *nolo contendere* to Count 25, he waived his challenge to the sufficiency of the information, and cannot raise the issue for the first time at this stage of the proceedings because the error, if any, is not jurisdictional, and Federal Rule of Criminal Procedure 12(b)(3)(B) — the only other possible authority to support raising the issue for the first time on appeal — is inapplicable to Superior Court proceedings. Moreover, because Superior Court Rule 126 does not require courts in the Virgin Islands to assess the adequacy of the factual basis for a *nolo contendere* plea before accepting the plea, we do not consider Tindell's factual basis argument. And, based on the record, there is no indication that Tilden's plea was involuntary. Finally, to the extent Tindell's sentencing challenge is not simply a vehicle to assert his waived challenge to the sufficiency of the information, the Superior Court committed no error because Tindell's *nolo contendere* plea served as an admission that sufficient evidence existed to satisfy all elements of the offense to which he pled *nolo contendere*, and the Superior Court imposed a sentence that was not only within the range set out in section 658(a), but the same sentence Tindell had agreed to pursuant to his plea agreement. Accordingly, we affirm the Superior Court's September 2, 2009 Judgment.