**JOSEPH ELLIOTT, JR., Appellant/Petitioner**
**v.**
**GOVERNMENT OF THE VIRGIN ISLANDS, Appellee/Respondent**

S. Ct. Civil No. 2011-0011
Supreme Court of the Virgin Islands
March 24, 2014

JOSEPH ELLIOTT, JR., Lecanto, FL, *Pro se.*

PAMELA R. TEPPER, ESQ., Assistant Attorney General, St. Thomas, USVI, *Attorney for Appellee.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice.*

## OPINION OF THE COURT

(March 24, 2014)

SWAN, *Associate Justice.* Appellant, Joseph Elliott, Jr., appeals the trial court's order denying his Petition for Writ of Habeas Corpus, which alleges that his constitutional rights were violated when the Information charging him with several crimes was amended. The Petition also alleges that the evidence was insufficient to convict him of the charges for which he pled guilty. We conclude that Elliott has advanced no credible claim warranting a reversal of the trial court's Order; therefore, we affirm.

## I. FACTUAL AND PROCEDURAL HISTORY

Joseph Elliott, Jr.,[1] was arrested pursuant to an arrest warrant, in connection with a burglary that occurred on August 7, 2004 at the home of Susan Sheats in the Green Cay Marina area of Christiansted, St. Croix. Sheats reported that late in the evening while in bed, she heard the sound of a coin falling and got up to investigate the cause of the noise. (J.A. at 6.) She observed the screen from the east window lying on the sofa and realized that someone was in her apartment who was not authorized to be there. (*Id.*) She then observed Elliott emerging from the northeast bedroom. (J.A. at 6.) Elliott threw a gallon size paint can with paint at Sheats, and Sheats immediately discharged a single shot at Elliott from her licensed firearm. Elliott instantaneously retreated into the bedroom. Sheats then instructed her roommate to notify the police concerning what was occurring. While the police were being notified, Sheats and her

---

[1] The Appellant's surname appears as "Elliot" at numerous locations in the Joint Appendix. However, Appellant's *pro se* filings to this Court, which are handwritten by Appellant, confirm that his surname is correctly spelled "Elliott."

roommate heard loud banging noises consistent with Elliott attempting to hastily leave the apartment through the glass door in the northeast bedroom. (*Id.*) They then heard the sound of glass shattering followed by silence. After Elliott absconded from the premises, Sheats discovered that her First Bank ATM card and a large sum of cash were missing from her purse.

Police detective Anthony Hector was dispatched to investigate the report of a burglary in progress and observed Elliott sitting on a rock at the entrance of Green Cay Marina. (J.A. at 5.) Elliott was perspiring profusely and had sustained a gunshot wound on his right side. (*Id.*) When Detective Hector questioned Elliott about his appearance and predicament, Elliott stated that he was shot "over there" and pointed to the area of Southgate Hills road, the road on which Sheats's residence was located. Elliott was subsequently transported by ambulance to the Juan Luis Hospital. While administering medical treatment to Elliott, the physician at the hospital retrieved from Elliott's pants pocket an ATM card with Sheats's name on it and $373.00 in cash from Elliott's shoe.

Elliott was later charged with four-counts in an Amended Information dated August 10, 2004. Count I charged burglary in the first degree in violation of 14 V.I.C. § 442(4); Count II charged possession of a dangerous weapon during the commission of a crime of violence in violation of 14 V.I.C. § 2251(a)(2)(B); Count III charged assault in the third degree in violation of 14 V.I.C. § 297(1); and Count IV charged possession of stolen property in violation of 14 V.I.C. § 2101(a). (J.A. at 14.) Importantly, the original Information charged the same offense in Count I, burglary in the first degree, but under 14 V.I.C. § 441(2). (*Id.* at 12.) No additional facts or offenses were alleged in this Count. All other counts in the original Information remained the same in the Amended Information.

Elliott consummated with the Government a plea agreement which Elliott and his defense attorney signed on April 8, 2005.[2] Under the terms of the plea agreement, Elliott pled guilty to second degree burglary in

---

[2] Even though the plea agreement has the date of April 8, 2007 next to the defense attorney's name and April 8, 2005 next to Elliott's name, the defense attorney must have signed the plea agreement on April 8, 2005 and not April 8, 2007 because she appeared for the sentencing hearing before Judge Darryl Dean Donohue on May 18, 2005 and Judgment and Commitment was signed by Judge Donohue on June 20, 2005.

violation of 14 V.I.C. § 443, a lesser included offense of Count I, which is first degree burglary in violation of 14 V.I.C. 442 in the original Information. Elliott likewise pled guilty to Count III, assault in the third degree in violation of 14 V.I.C. § 297(1). (*Id* at 23.) In consideration of Elliott's plea, the Government dismissed with prejudice the original charge in Count I of the Information. The Government also dismissed with prejudice Counts II and IV of the Amended Information. In a Judgment and Commitment dated June 20, 2005, Elliott was sentenced to 15 years imprisonment for the second degree burglary offense and five years for the assault in the third degree offense. (J.A. at 66-67.) The sentences are to be served consecutively.

Subsequently, Elliott appealed his convictions to the Appellate Division of the District Court of the Virgin Islands, alleging that his plea was not knowing or voluntary, that his sentence was disproportionate to his criminal conduct, and that he was denied effective assistance of counsel. The Appellate Division affirmed the Judgment and Commitment of the trial court. Elliott then appealed to the United States Court of Appeals for the Third Circuit, which affirmed the decision of the Appellate Division. Following the Third Circuit's decision, Elliott filed papers which he titled "Complaint to the Judiciary" and a Motion to Dismiss, both of which have been characterized as a singular Petition for Writ of Habeas Corpus.[3] (*Id.* at 71-77.) Because of a substantial delay in the trial court's ruling on the Petition for Writ of Habeas Corpus, Elliott filed a Petition for Writ of Mandamus in this Court, which this Court granted and ordered the Court to Rule upon the Writ of Habeas Corpus. On November 30, 2010, the trial court denied Elliott's Petition for Writ of Habeas Corpus, and this timely appeal ensued.

## II. JURISDICTION

Title 4, section 32(a) of the Virgin Islands Code provides, in pertinent part, that "[t]he Supreme Court shall have jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court, or as otherwise provided by law." Accordingly, we have jurisdiction over this appeal.

---

[3] In *In re: Joseph Elliot, Jr.*, 54 V.I. 423, 426 (V.I. 2010), this Court classified the Complaint to the Judiciary and the Motion to Dismiss as seeking relief in the form of a writ of habeas corpus.

## III. ISSUE AND STANDARD OF REVIEW

On appeal, Elliott asserts that the trial court violated his substantial rights and committed plain error when the Government amended the Information and charged him under a different section of the burglary statute in Count I, which Elliott contends caused confusion to the trial court and to which Count Elliott pled guilty. Elliott further asserts that the evidence was insufficient to convict him of the crime of assault with a deadly weapon.

■ "A trial court's conclusions of law in dismissing a petition for writ of habeas corpus are subject to plenary review." *Mendez v. Gov't of the V.I.*, 56 V.I. 194, 199 (V.I. 2012) (citing *Villot v. Varner*, 373 F.3d 327, 331 (3d Cir. 2004)). Thus, we would typically review the November 30, 2010 Order de novo, without providing the Superior Court with any deference as to its legal conclusions. *George v. Wilson*, 59 V.I. 984, 988-989 (V.I. 2013). However, a defendant is usually barred from subsequently challenging a defective information after a plea of guilty. *See Tindell v. People*, 56 V.I. 138, 153-54 (V.I. 2012). A challenge to a guilty plea is generally limited to a challenge of compliance with Superior Court Rule 126 which embodies the requirement that guilty pleas be knowing and voluntary. *See* SUPER. CT. R. 126 ("In no case shall the court accept a plea of guilty without first determining if the defendant understands the nature of the charge against him, and that the plea is voluntarily made.").

## IV. DISCUSSION

### A. Elliott waived challenges to the Amendment by virtue of the plea agreement.

Elliott has already appealed his convictions involved in this case to the Appellate Division of the District Court and the United States Court of Appeals for the Third Circuit. Both courts have affirmed his convictions emanating from the same guilty plea mentioned in this case. Therefore, Elliott is attempting to recycle his past unsuccessful appeals but with new vestments.

■■ The crux of Elliott's arguments on appeal centers on his being incorrectly charged in the Information and the sufficiency of the evidence to convict him as he was charged. Generally, however, a defendant who has pled guilty "has admitted to 'all of the factual and legal elements

necessary to sustain a binding, final judgment of guilt and a lawful sentence,' " and thus is barred from challenging any non-jurisdictional aspects of the information. *DeGroot v. People*, S. Ct. Crim. No. 2008-0107, 2013 V.I. Supreme LEXIS 16, at *4 (V.I. Apr. 29, 2013) (unpublished) (quoting *Tindell*, 56 V.I. at 153). And as the United States Supreme Court has instructed,

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea.

*Tollett v. Henderson*, 411 U.S. 258, 267, 93 S. Ct. 1602, 36 L. Ed. 2d 235 (1973). *See also Missouri v. Frye*, 132 S. Ct. 1399, 1407-08, 182 L. Ed. 2d 379 (2012) (holding defendant may assert ineffective assistance of counsel at the plea agreement stage). In other words, a defendant who has pled guilty has waived, for purposes of both direct appeal and a collateral action for habeas corpus, all errors that purportedly occurred prior to acceptance of the plea agreement, other than those relating to the subject-matter jurisdiction of the Superior Court, the voluntariness of the plea agreement itself, and ineffective assistance of counsel at the plea agreement stage. *Bruno v. People*, 59 V.I. 748, 757 n.7 (V.I. 2013) (citing *Tindell*, 56 V.I. at 147).

█ In this case, Elliott has not, either in his original habeas corpus petition or in his appellate brief, raised any arguments that could even be remotely construed as a challenge to the Superior Court's jurisdiction, the voluntariness of his plea agreement, or to the effectiveness of his trial counsel during the plea bargaining process.

Elliott's argument on the amendment to the Information is all the more unfounded and ludicrous because that amendment was prompted and necessitated by his plea agreement in which he agreed to plead guilty to the lesser charge of second degree burglary instead of the original charge of first degree burglary. He has likewise, by his guilty plea, waived the issue of insufficiency of the evidence to support his guilty convictions making this issue moot. *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S. Ct. 1602, 36 L. Ed. 2d 235 (1973); *Hall v. McKenzie*, 575 F.2d 481, 484 (4th Cir. 1978).

## V. CONCLUSION

Because Elliott has, through his guilty plea, waived consideration of all of the issues raised in his habeas corpus petition and appellate brief, we affirm the November 30, 2010 Order denying his request for habeas corpus relief.